IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Moises Alfredo Escobedo-Sanchez,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-16-08307-PCT-SPL<br><br>(No. CR-15-08221-PCT-SPL)<br><br>**ORDER** |

On December 27, 2016, Movant Moises Alfredo Escobedo-Sanchez, who was then confined in Federal Correctional Institution in Phoenix, Arizona, filed a pro se Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence. On October 31, 2017, Magistrate Judge Michelle H. Burns entered a Report and Recommendation recommending that Movant's motion be denied and dismissed with prejudice. On November 20, 2017, the Report and Recommendation was returned to the Court as undeliverable.[1] Movant has not provided the Court with an updated address.

Rule 3.5 of the Local Rules of Civil Procedure requires a § 2255 movant to comply with the instructions attached to the court-approved § 2255 form. Those instructions state: "You must immediately notify the Court . . . in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case**." Instructions for Filing a Motion to

---

[1] Bureau of Prisons records confirm that Movant was released from custody on July 11, 2017. *See* https://www.bop.gov/inmateloc/ (search by number for "17771-081") (last visited Dec. 4, 2017).

Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255) in the United States District Court for the District of Arizona at 1. In addition, Local Rule of Civil Procedure 83.3(d) requires parties to submit a notice of change of address within seven days.

Movant has the general duty to prosecute this case. *Cf. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a movant who has filed a pro se action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Movant. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Movant's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Movant's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts

against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Movant's failure to keep the Court informed of his address prevents the case from proceeding. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Movant's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

Additionally, because the R&R was returned in the mail, Movant has not filed any objections to it. This relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not… require any review at all… of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will adopt the R&R and deny the Motion. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge Burns' Report and Recommendation (Doc. 12) is **accepted** and **adopted** by the Court;

2. That the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (CV-16-08307-PCT-SPL, Doc. 1; Doc. 26,

CR-15-08221-PCT-SPL) is **denied**;

3. That this case is **dismissed with prejudice**;

4. That a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right;

5. That the Clerk of Court shall file this Order in the underlying related criminal action, Case No. CR-15-08221-PCT-SPL; and

6. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 8th day of December, 2017.

Honorable Steven P. Logan
United States District Judge